STATE OF NEBRASKA, APPELLEE, v. JESSE HOWARD, APPELLANT.

168 N. W. 2d 370

Filed June 2, 1969. No. 37183.

Leo M. Bayer, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant was convicted of robbery and sentenced to imprisonment. His motion for new trial was overruled and he has appealed. The assignments of error relate to the sufficiency of the evidence, and the admissibility of certain evidence produced by the State.

The record shows that the McCarthy Liquor Store in Alliance, Nebraska, was robbed at about 9 p. m., on December 7, 1967. The robber was armed and had a handkerchief tied over his face during the robbery. He was followed from the liquor store to an area near the defendant's home. The defendant was apprehended later at his home.

Laura McCarthy, the proprietor of the liquor store, and three other persons were in the store at the time of the robbery. The defendant was identified as being the robber by his hair, skin, clothing, voice, and build. Laura McCarthy made a positive identification of the defendant after hearing his voice in the courtroom.

There are minor discrepancies and conflicts in the testimony of the State's witnesses. The defendant testified in his own behalf and contradicted much of the State's evidence. The defendant's mother testified that he was at home at the time the robbery took place.

In determining the sufficiency of the evidence to sustain the conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. State v. Sheldon, 179 Neb. 377, 138 N. W. 2d 428. The evidence presented a question for the jury and is sufficient to sustain the conviction. See Small v. State, 165 Neb. 381, 85 N. W. 2d 712, 70 A. L. R. 2d 984.

The positive identification of the defendant by Laura McCarthy was made during rebuttal over the objection of the defendant that the testimony was not proper rebuttal evidence. The defendant contends that the ruling was erroneous.

It is within the discretion of the trial court to permit the introduction of evidence in rebuttal that is not strictly rebutting. Drewes v. State, 156 Neb. 319, 56 N. W. 2d 113. The trial court may permit the State to offer further evidence-in-chief for good reason and in furtherance of justice. § 29-2016 (4), R. R. S. 1943. In this case, the voice identification was made after the witness had heard the defendant testify in open court. Under the circumstances it was within the discretion of the trial court to receive this testimony.

During the cross-examination of the defendant, he was required over objection to put on a jacket which the State claimed he was wearing at the time of the robbery, and to repeat statements which were made by the robber at the time of the robbery. The defendant contends that this was a violation of his right against self-incrimination.

A defendant in a criminal case who becomes a witness subjects himself to the rules of law applicable to other witnesses. Griffith v. State, 157 Neb. 448, 59 N. W. 2d 701. Although there is authority to the contrary, we believe the better rule is that the defendant can be required to repeat certain statements, put on a jacket, and perform other similar acts after he has waived his privilege against self-incrimination by testifying in his own behalf. See, State v. Taylor, 99 Ariz. 85, 407 P. 2d 59; Schmerber v. California, 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908. The defendant's contention is without merit.

The State, over objection, was permitted to prove the testimony of a witness at a previous trial. The defendant contends that the testimony was not admissible and that the foundation evidence to show that the witness was unavailable was improper.

The absent witness, Teresa Eagleman, had testified in person for the State at a previous trial of the case. The State produced the affidavit of a medical officer at the Public Health Service Indian Hospital at Rapid City,

South Dakota, which stated that the witness was afflicted with positive contagious tuberculosis; that her physical condition would be greatly impaired by travel; and that she could infect those with whom she might come in contact.

The testimony of a witness at a previous trial is admissible if the witness is unavailable. It is within the discretion of the trial court to determine whether the unavailability of the witness has been shown. Jackson v. State, 133 Neb. 786, 277 N. W. 92.

The record here does not show an abuse of discretion by the trial court in admitting the testimony from the previous trial. The affidavit of the medical officer established, prima facie, that the witness was unavailable and such a showing may be made by affidavit. The issue as to the availability of the witness was collateral and did not relate to the general issue of the guilt or innocence of the defendant. Although affidavits may not ordinarily be used as primary evidence against the defendant, they may be used in connection with preliminary, collateral, and interlocutory matters. Banks v. Metropolitan Life Ins. Co., 142 Neb. 823, 8 N. W. 2d 185. It is customary in civil proceedings to show the unavailability of the witness by affidavit. 26A C. J. S., Depositions, § 92 (2) (d), p. 441.

The defendant further contends that the testimony was not admissible because the witness referred only to "Jesse" and did not identify the defendant by his last name. This is a matter relating to weight and credibility which could have been developed fully at the previous trial.

The judgment of the district court is affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.