Jesse HOWARD, Petitioner,

v.

Maurice H. SIGLER, Warden of Nebraska
Penal & Correctional Complex,
Respondent.

Civ. No. 1584 L.

United States District Court,
D. Nebraska.

April 1, 1971.

Alan E. Peterson, Lincoln, Neb., for petitioner.

C. C. Sheldon, Asst. Atty. Gen., for respondent.

## 279

MEMORANDUM

URBOM, District Judge.

On January 29, 1971, the respondent filed a "Motion for Relief from Judgment" which contested this court's determination that the habeas applicant in this action should either be retried or released by the State of Nebraska in ninety days. The motion was filed pursuant to Rule 60(b) (6) of the Federal Rules of Civil Procedure. Respondent assigns four reasons why this court's January 19, 1971, judgment and order, 325 F.Supp. 272, should be set aside:

1. The admission into evidence in state court of Dr. Dales' affidavit was not violative of the Confrontation Clause of the Sixth Amendment.

2. The petitioner waived, abandoned or bypassed his right to confront witnesses against him.

3. Any violation of the Confrontation Clause was harmless error.

4. This court should have merely focused on the question of whether the evidence pertaining to the unavailability of the witness, Teresa Eagleman Stone, was so totally lacking in substance as to deprive the petitioner of due process.

As to reasons 1, 3 and 4, I find my January 19, 1971, memorandum dispositive of these contentions. Moreover, I believe these issues were correctly resolved against the respondent in the first instance and, I conclude, do not provide adequate grounds for relieving the respondent from this court's judgment. However, the question of waiver or deliberate by-pass was not raised or adjudicated by this court and should be considered at this time.

■ Basically, the respondent's contention of waiver or deliberate by-pass concerns the failure of the petitioner's counsel to object specifically to the admission of the affidavit into evidence at the state criminal trial, although time-

ly objection was made on several non-constitutional grounds, which were overruled by the trial judge.

For several reasons this court finds from the peculiar procedural history, both in state and federal court, that the application of Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L. Ed.2d 408 (1965) and its progeny would be erroneous. Anders v. Turner, 379 F. 2d 46 (C.A. 4th Cir. 1967); Johnson v. Bennett, 414 F.2d 50 (C.A. 8th Cir. 1969), Judge Lay's concurring opinion at page 58; Lay, "Problems of Federal Habeas Corpus Involving State Prisoners," 45 F.R.D. 45, 61; Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 297, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).[1]

In *Anders* the Fourth Circuit reversed and remanded a district court decision which denied habeas relief to a state prisoner, whose guilty plea was found invalid, because state procedures were deliberately by-passed. The federal district court reached its decision on waiver even though the state courts chose not to sidestep the validity of the guilty plea on the grounds of waiver, but decided the petitioner's post-conviction petition on the merits.

Judge Sobeloff, speaking for a unanimous panel, held:

"Under these circumstances, we hold that the District Court exceeded the bounds of permissible discretion in imposing a forfeiture of the federal claim. No reason appears for a federal court to insist upon more exacting compliance with state procedures than the state courts themselves demand. There would possibly be superficial plausibility to an argument that, since federal standards govern whether forfeiture of a federal claim can be predicated upon a deliberate bypass of state procedures, the state court's failure to decree a waiver would not prevent a federal court applying federal standards from so doing. This analysis, however, would completely ignore the purpose underlying the Supreme Court's recognition in Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963), of a limited discretion in the district court to 'deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state remedies.'

"This narrowly confined discretion was designed to foster harmonious federal-state relations in the administration of criminal justice by permitting a federal habeas court to accord controlling effect to a state's insistence upon compliance with reasonable procedural rules which promote legitimate state interests. By way of illustration, a defendant for *tactical* reasons permits the introduction at trial of illegally seized evidence without interposing a contemporaneous objection, as required by state law, and the state court subsequently refuses to enter-

---

I. The court in Warden, Md. Penitentiary v. Hayden at footnote 3 rejected the argument that petitioner had deliberately by-passed state remedies:

"The State claims that, since Hayden failed to raise the search and seizure question at trial, he deliberately by-passed state remedies and should be denied an opportunity to assert his claim in federal court. See Henry v. Mississippi, 379 U.S. 443 [85 S.Ct. 564, 13 L.Ed.2d 408]; Fay v. Noia, 372 U.S. 391 [83 S.Ct. 822, 9 L.Ed.2d 837] Whether or not the Maryland Court of Appeals actually intended, when it reversed the state trial court's denial of post-conviction relief, that Hayden

be afforded a hearing on the merits of his claim, it is clear that the trial court so understood the order of the Court of Appeals. A hearing was held in the state courts, and the claim denied on the merits. In this circumstance, the Fourth Circuit was correct in rejecting the State's deliberate-bypassing claim. The deliberate-bypass rule is applicable only 'to an applicant who has deliberately by-passed the orderly procedure of the state courts *and in so doing has forfeited his state court remedies.*' Fay v. Noia, *supra*, 372 U.S., at 438 [83 S.Ct., at 849]. (Emphasis added.) But see Nelson v. California, 346 F.2d 73, 82 (C.A.9th Cir. 1965)."

tain his federal constitutional claim that the evidence was inadmissible. Given these facts, a federal district court on habeas may deny relief if it determines that the contemporaneous objection rules serves a legitimate state interest.

"But when, as in the present case, the state court has not declared a waiver or forfeiture, a federal court is not at liberty to search the state proceedings to identify a legitimate state interest upon which the state court itself has not relied. The federal court's discretion to impose a forfeiture is limited to those instances in which a state court has demonstrated the existence of a legitimate state interest and has sought to vindicate it. * * * "

I find Judge Sobeloff's interpretation of Fay v. Noia to be a cogent analysis of the limitations imposed on the federal district court when waiver is urged by the state, in spite of the fact that the state never erected any procedural barrier in resolving those issues presented to the state supreme court on direct appeal. Judge Lay in his concurring opinion in Johnson v. Bennett cited with approval Anders v. Turner and stated:

"When the state has not held that a defendant has legally waived his procedural rights to raise a constitutional question, it is incumbent upon a federal court to pass directly on the merits of the constitutional question."

However, a remaining distinguishing factor from Anders v. Turner must be resolved, which is the fact that the present petitioner has *never* presented his federal constitutional question to a Nebraska state court, either on direct appeal or through state post-conviction proceedings.

## EXHAUSTION OF STATE REMEDIES QUESTION

 The decisional law existing on the doctrine of exhaustion of state remedies in this circuit states, "The well-established rule is that a state prisoner must exhaust his state remedies before seeking habeas corpus relief in the federal courts." Larson v. Swenson, 425 F.2d 1076 (C.A. 8th Cir. 1970); Ford v. Boeger, 362 F.2d 999 (C.A. 8th Cir. 1966), cert. denied 386 U.S. 914, 87 S. Ct. 857, 17 L.Ed. 787, reh. denied 387 U.S. 949, 87 S.Ct. 2072, 18 L.Ed.2d 1341; Ellenson v. Fugate, 346 F.2d 151 (C.A. 8th Cir. 1965); Dabney v. Sigler, 345 F.2d 710 (C.A. 8th Cir. 1965); Witt v. Nash, 342 F.2d 791 (C.A. 8th Cir. 1965); Cyronne-De Virgin v. State of Missouri, 341 F.2d 568 (C.A. 8th Cir. 1965); Barry v. Sigler, 373 F.2d 835 (C.A. 8th Cir. 1967). However, the statutory requirement[2] of exhaustion is firmly rooted in considerations of comity between coequal judiciaries, rather than a jurisdictional limitation upon the power of the federal district court in habeas corpus matters. Barry v. Sigler, 373 F.2d at p. 837. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The defense of exhaustion, being nonjurisdictional, is waivable by the state. Therefore, it must be determined whether the state can now rely upon the doctrine of exhaustion of state remedies.

It is clear that the issue of whether the petitioner's *federally* protected constitutional right to confrontation was not contained in the briefs submitted to the Supreme Court of Nebraska in State v. Howard, 184 Neb. 461, 168 N.W.2d 370 (1969), nor did the court decide the constitutional issue on its own motion.

2. 28 U.S.C.A. § 2254(b) provides:
"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

The Supreme Court of Nebraska rested its decision on nonconstitutional grounds, wherein it held inter alia that:

" * * * The affidavit of the medical officer established, prima facie, that the witness was unavailable and such a showing may be made by affidavit. The issue as to the availability of the witness was collateral and did not relate to the general issue of the guilt or innocence of the defendant. Although affidavits may not ordinarily be used as primary evidence against the defendant, they may be used in connection with preliminary, collateral, and interlocutory matters. Banks v. Metropolitan Life Ins. Co., 142 Neb. 823, 8 N.W.2d 185. It is customary in civil proceedings to show the unavailability of the witness by affidavit. 26 A C.J.S. Depositions § 92(2) (d), p. 441."

█ The attorney general has never attempted to raise the defense of exhaustion of state remedies, either in his return, oral arguments before this court at the evidentiary hearing, or in his present motion for relief from judgment.[3] However, because this court is foreclosed from deciding the deliberate by-pass issue on the ground that the constitutional issue was never raised in state court and that therefore there was no occasion to invoke any state procedural deficiencies, the court raises *sua sponte* the issue of exhaustion in order to determine whether this judgment should be set aside until state remedies have been satisfied.

In the return to the show cause order the attorney general expressly chose to ignore an obvious exhaustion of state remedies question where in paragraph 2 it was alleged:

"(T)hat the conviction of the petitioner was affirmed by the Supreme Court of Nebraska (184 Neb. 461 [168 N.W. 2d 370]) in which appeal the Nebraska Court properly decided adversely to the petitioner the questions herein."

█ This court is unable to ascertain the motivation behind the state's abandonment of the exhaustion defense and is not willing to enter the realm of the subjunctive to extricate a reason. Regardless of the legal reasoning behind the decision, I conclude that where the state could successfully interpose the exhaustion defense, but for tactical, strategic or other reasons, foregoes the defense and elects to litigate the petitioner's contentions of constitutional violation during the state trial and consents to and participates in a federal evidentiary hearing into the merits without raising the issue, the state is foreclosed subsequent to an adverse decision by the federal court from raising for the first time the defense of exhaustion of

---

3. The only reference to the issue of exhaustion of state remedies appears in petitioner's brief resisting the respondent's motion for relief from the judgment, wherein at page 3 it is stated:
" * * * (T)he briefs of the parties submitted to the Supreme Court of Nebraska both discussed the affidavit of Dr. Dales as a constitutional confrontation question. Copies of the brief are submitted herein and the Court's attention is invited to page 26 of appellant's brief wherein the appellant cited the *State Constitutional Confrontation Clause* and the appellee's brief, at page 7 where the *same constitutional question* is discussed." (Emphasis added)
It is axiomatic that the state supreme court is at liberty to construe a state constitutional provision to effectuate the best interest of the state. However, when the constitutional provision before the state court is found in the federal constitution, the discretion of the state court is circumscribed by federal policy which may not necessarily reflect the policy the state would effect if given the opportunity in the first instance to announce a construction. Therefore, assuming the language of two parallel provisions in the state and federal constitutions are identical (which they are not), a decision predicated solely upon an interpretation of the state constitution does not *a fortiori* resolve the federal constitutional question. Consequently, a holding that the petitioner has not deliberately by-passed his state procedural remedies because there has been no exhaustion leave unanswered the question of the effect of failure to exhaust on this court's original decision granting habeas relief.

state remedies. Cf. Wainwright v. Simpson, 360 F.2d 307, 309 (C.A. 5th Cir. 1966).

 Clearly, the codification in the United States Code of the exhaustion requirement was intended to allow the state courts, co-equal with the federal district court in their responsibility to adjudicate federal constitutional issues, the initial opportunity to resolve these issues to effect a lessening of federal-state tension which arises from premature federal intrusion into the state criminal sphere. The reasoning in Anders v. Turner has application. That is to say, just as the federal courts should not insist "upon more exacting compliance with state procedures than the state courts themselves demand" the federal court should not insist upon exact compliance with exhaustion of state remedies where it appears the state does not desire to interject that defense.

 The salutory purpose of exhaustion was intended to benefit the principle of comity by conferring upon the state the right to decide in the first instance federal constitutional issues arising from state cases.[4] However, this benefit is not forcibly thrust upon the state. Rather, the state is left to erect the defense when it is deemed to suit its interest. Where the state has expressly waived the exhaustion defense, for whatever reasons, the federal court's insistence that the defense be raised surely would only hinder the harmonious federal-state relationship, rather than preserve it.

In summary, I conclude the issue of whether the petitioner waived, abandoned or by-passed his right to confrontation is without merit. Therefore, the motion for relief from judgment is de-

nied. Moreover, the state has waived its defense of exhaustion of state remedies. Consequently, while the federal constitutional issue was never presented to the state courts, I conclude that my decision of January 19, 1971, must stand.

An appropriate order will be entered this day denying the motion for relief from judgment.

---

4. See Mayes v. Sigler, 428 F.2d 669 (C.A. 8th Cir. 1970). The decision in *Mayes* is not inapposite because the defense of exhaustion had been raised early in the habeas proceedings. Therefore, rather than a question of waiver, as in the present case, it involved an *election* of grounds used to dismiss a petition for writ of habeas corpus. Judge Van Ooster-

hout, speaking for the court, held that when a habeas petition presents substantial issues which have never been presented to the state courts, and that fact is litigated in the habeas proceedings, it is error to reach the merits when the action could be dismissed for failure to exhaust.