STATE OF NEBRASKA, APPELLEE, v. DAVID ADAMS, APPELLANT.

193 N. W. 2d 579

Filed January 14, 1972. No. 37799.

David L. Herzog, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendant was charged and convicted of manslaughter in connection with the death of his wife who died by reason of being shot in the hand and head with a shotgun. We affirm the judgment of the district court.

Defendant asserts the evidence is not sufficient to sustain his conviction and that the admission of certain statements attributed to him was erroneous.

The evidence was conflicting. On review it appears that the jury could justifiably find as follows: Defend-

ant had been out most of the night and returned home early in the morning. A tenant in an apartment across the hall had seen and talked with defendant about 5:30 to 5:45 a.m. the morning his wife was killed, and shortly thereafter heard some loud talking, a woman scream, and a sound like a door banging emanating from the direction of defendant's apartment. At about 8:50 a.m. defendant returned to the neighbor's apartment and said: "I killed my wife." He asked the neighbor to go get the baby. The neighbor entered defendant's apartment and found the body whereupon he returned to his own apartment and called the police. Defendant was nervous, crying, and appeared dazed. When the police arrived, two of them heard defendant volunteer the statement: " 'I was out messing around and I came home, we argued.' " Defendant's defense consisted of an alibi. He and a woman acquaintance stated he had been in her apartment from about 6 a.m. to 8:45 a.m. The woman made contradictory statements to the police, on one occasion stating defendant had left her at about 7:10 a.m. and further stating defendant had not spent the night with her but if it would help him, she would say he had. Later she said he had gone to bed with her. No one admits to having heard the shot and the time of death could not be definitely established. Defendant admits he and his wife had troubles; that he had struck her on several occasions; and that he anticipated trouble when he returned home the morning of her death. The shotgun used was one belonging to a brother of defendant but kept in defendant's apartment together with a box of shells of the type and make fired. Under all the circumstances, we find the evidence sufficient to sustain the conviction. "In determining the sufficiency of the evidence to sustain the conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence." State v. Howard, 184 Neb. 461, 168 N. W. 2d 370.

Defendant maintains the volunteered statements attributed to him were not admissible in evidence because he was dazed or suffering from shock. It does not appear that defendant was irrational at any time and voluntary statements made by a defendant are ordinarily admissible, especially when the defendant was not in custody when the statements were made. See State v. Robinson, 185 Neb. 64, 173 N. W. 2d 443.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.