Jesse **HOWARD**, Petitioner-Appellee,

v.

Maurice H. **SIGLER**, Warden of Nebraska Penal & Correctional Complex, Respondent-Appellant.

No. 71–1328.

United States Court of Appeals, Eighth Circuit.

Jan. 25, 1972.

7. Capitol City Packing Co., *supra*.

C. C. Sheldon, Asst. Atty. Gen., Lincoln, Neb., for appellant.

Alan E. Peterson, Lincoln, Neb., for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

GIBSON, Circuit Judge.

The State of Nebraska in the person of Maurice H. Sigler, Warden of Nebraska Penal & Correctional Complex, appeals a decision of the District Court of Nebraska invalidating a state criminal conviction against Jesse Howard, the appellee, for armed robbery for failure to accord accused his Sixth Amendment right of confrontation (made applicable to the States by way of the Fourteenth Amendment). The trial court's decision is reported at 325 F.Supp. 272 (D.Neb. 1971).

Appellee Howard was twice convicted of armed robbery of a liquor store in Alliance, Nebraska, on December 7, 1967. The first conviction was set aside by the state trial court for an undisclosed reason. At the second trial the state trial court permitted the introduction into evidence of a transcript of one of the State's prior witnesses on the basis of an affidavit furnished by a medical officer at the Public Health Service Indian Hospital at Rapid City, South Dakota, stating that the witness was admitted to the hopsital, that she was afflicted with positive contagious tuberculosis, that her physical condition would be greatly impaired by traveling at that time or in the near future, and that her disease was infectious.

The Supreme Court of Nebraska affirmed the conviction, 184 Neb. 461, 168 N.W.2d 370 (1969). The Nebraska Supreme Court held the testimony of a witness at a prior trial is admissible if that witness is unavailable, and it is within the discretion of the trial court to determine whether the unavailability of a witness has been proved. Further, "The issue as to the availability of the witness was collateral and did not relate

to the general issue of the guilt or innocence of the defendant. Although affidavits may not ordinarily be used as primary evidence against the defendant, they may be used in connection with preliminary, collateral, and interlocutory matters." *Id.* at 373.

The United States District Court recognized that the introduction of prior testimony at the second trial was not a denial of defendant's right of confrontation if the prior witness were actually unavailable for personal appearance at the second trial, citing California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), but held that the affidavit procedure used by the State to show the unavailability of the witness was a denial of the defendant's right under the Confrontation Clause of the Sixth Amendment to be confronted with the witnesses against him. Noting that most of the cases dealing with this issue are concerned with the sufficiency rather than the form of the evidence to prove the unavailability of the prior witness and finding that this was not a hearsay exception under Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed. 2d 213 (1970), that Court concluded that the accused was entitled to confrontation of the medical officer on his affidavit concerning the unavailability of the State's witness for health reasons since the medical officer was a witness against the defendant "for purposes of the Confrontation Clause" [1] and viewed that testimony as prejudicial.

The State contends there was no violation of the Confrontation Clause as the condition of the State's witness was a collateral issue not involving a confrontation question, and further that if error was committed it was harmless, as the testimony did not relate directly to the commission of the crime and the defendant's participation in it. That witness's testimony placed the defendant in the general vicinity of the crime and thus had the effect of negating defendant's testimony that he went home drunk and sick, and retired prior to the time the robbery occurred at about 9 p. m. There was sufficient probative evidence identifying defendant as the perpetrator of the offense to warrant submission of the case to the jury.

■ At the outset, we dispose of some preliminary issues. First, we do not deem it advisable to decide this case on the basis of harmless error under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). It may be admitted that the nebulous character of this state witness's testimony dealing with the peripheral fact of being in the general area at the time the crime was committed was not in the context of this case devastating or crucial, as there was eye witness identification of the accused as the perpetrator of the offense. However, the defendant's primary defense was an alibi, and this testimony was clearly of some aid in overcoming that defense, although it was not specifically directed to the commission of the crime.

■ Second, it is clear that this testimony was admissible and does not constitute a violation of the Confrontation Clause, if in fact the witness was unavailable at the second trial. The testimony was given at the first trial for the same offense against the same defendant, at which petitioner was represented by counsel and had the opportunity to cross-examine the witness. Thus cases such as Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), Douglas v. Alabama, 380 U.S. 415, 85 S. Ct. 1074, 13 L.Ed.2d 934 (1965), and Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966), are not precisely in point, for those cases held that out-of-court statements, and in the case of *Pointer* testimony given at a

---

1. That Court reasoned:

"[H]owever, it seems to me that it must be said that any witness relied upon to build the foundation upon which is to rest the admissibility of testimony as to the guilt or innocence of the defendant is a witness who must confront the defendant." 325 F.Supp. at 276.

preliminary hearing, were not admissible at all where there had been no adequate opportunity for cross-examination, regardless of the fact that the witness was unavailable at the trial. Rather the testimony in this case comes within the principle enunciated in Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L. Ed. 409 (1895), and reaffirmed in California v. Green, 399 U.S. 149, 90 S.Ct. 1930 (1970), that prior recorded testimony is admissible at a subsequent trial if the witness is in fact unavailable. In California v. Green, the Supreme Court stated:

> "If [the witness] had died or was otherwise unavailable, the Confrontation Clause would not have been violated by admitting his testimony given at the preliminary hearing—the right of cross-examination then afforded provides substantial compliance with the purposes behind the confrontation requirement, as long as the declarant's inability to give live testimony is in no way the fault of the State." 399 U.S. at 166, 90 S.Ct. at 1939.

■ Thus the question is whether, in making the factual determination of the question of *admissibility*, the State is required to comply with the requirements of the Confrontation Clause, or whether the broader standards of the Due Process Clause govern. We conclude that the question must be governed by the concept of due process, and that the Confrontation Clause does not govern the procedure of determining the question of admissibility. There appears to be no significant case authority covering this question, but this conclusion is supported by the following considerations.

■ The question of admissibility is of course a question to be determined by the trial judge, not by the jury. Traditionally the trial judge has considerable discretion in making these preliminary factual determinations, and will be reversed only for manifest error; his decision will not be reversed if reasonably supported by the evidence. 4 Orfield,

Criminal Procedure under the Federal Rules § 26:749. While there may be times when the interests of justice require that witnesses be produced in person to present evidence on the question of admissibility, we do not think that the Confrontation Clause requires that they be produced in every case; some discretion should be left to the trial judge to determine whether production of the witness is actually necessary in view of the other facts presented on the question of admissibility. As discussed later in this opinion, we believe that the affidavit in this case was sufficiently reliable to dispense with the personal testimony of the doctor as to the witness' unavailability.

The new Proposed Rules of Evidence for the United States Courts and Magistrates (March 1971 Draft) provides in Rule 104(a):

> "Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the judge * * *. In making his determination he is not bound by the rules of evidence except those with respect to privileges."

In commenting on this provision, the Advisory Committee's Note speaks rather directly to the problem at hand:

> "The applicability of a particular rule of evidence often depends upon the existence of a condition. * * * Is a witness whose former testimony is offered unavailable? * * * Accepted practice, incorporated in the rule, places on the judge the responsibility for these determinations. McCormick § 53; Morgan, Basic Problems of Evidence 45–50 (1962).
>
> * * * * * *
>
> "If the question is factual in nature, the judge will of necessity receive evidence pro and con on the issue. The rule provides that the rules of evidence in general do not apply to this process. McCormick § 53, p. 123, n. 8, points out that the authorities

are 'scattered and inconclusive,' and observes:

"'Should the exclusionary law of evidence, "the child of the jury system" in Thayer's phrase, be applied to this hearing before the judge? Sound sense backs the view that it should not, and that the judge should be empowered to hear any relevant evidence, such as affidavits or other reliable hearsay.'

\* \* \* \* \* \*

"If concern is felt over the use of affidavits by the judge in preliminary hearings on admissibility, attention is directed to the many important judicial determinations made on the basis of affidavits."

The Committee then points out that motions made under Rule 47 of the Federal Rules of Criminal Procedure may be supported by affidavit; and numerous decisions made under the Federal Rules of Civil Procedure are determined on the basis of affidavits.

Other examples of factual determinations made by a judge in the course of criminal proceedings on the basis of affidavits come to mind. For example, on a motion to suppress under Rule 41(e) of the Federal Rules of Criminal Procedure, where the question is the sufficiency of an affidavit to support the issuance of a search warrant, and hence the admissibility of evidence seized on the authority of the warrant, the determination is based solely on the examination of the affidavit and the facts revealed thereby to establish "probable cause." Under Rule 12(b) (4) of the Federal Rules of Criminal Procedure:

"A motion before trial raising defenses or objections shall be determined before trial \* \* \*. An issue of fact shall be tried by a jury if a jury trial is required under the Constitution or an act of Congress. *All other issues of fact* shall be determined by the court with or without a jury or *on affidavits* or in such other manner as the court may direct." (Emphasis added.)

 Moreover, the Confrontation Clause itself does not require that all hearsay be excluded from a criminal trial. The Supreme Court in Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L. Ed.2d 213 (1970), in a plurality opinion found no constitutional violation of the Confrontation Clause in permitting the introduction of a hearsay declaration attributed to an alleged accomplice of the defendant even though such declaration would not be admissible under the federal rules of evidence relating to conspiracies. The plurality opinion by Mr. Justice Stewart prefaced his discussion stating:

"It is not argued, nor could it be, that the constitutional right to confrontation requires that no hearsay evidence can ever be introduced. In the *Pointer* case itself, we referred to the decisions of this Court that have approved the admission of hearsay \* \* \*." 400 U.S. at 80, 91 S.Ct. at 215.[2]

Mr. Justice Harlan's concurring opinion in *Dutton*, at 94–95, 91 S.Ct. 210, takes the persuasive position that the Confrontation Clause is intended only to regulate trial procedure, should not hamper "enlightened development in the law of evidence," and moreover does not always require the prosecutor to produce available witnesses where it is reasonably possible for him to do so. He reasoned:

"A rule requiring production of available witnesses would significantly curtail development of the law of evidence to eliminate the necessity for

---

2. The court then listed dying declarations, Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892), testimony of a deceased witness at a prior trial, Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895) and stated, "There are other analogous situations which might not fall within the scope of the constitutional rule requiring confrontation of witnesses." *Id.* at 80, 91 S.Ct. at 215.

production of declarants where production would be unduly inconvenient and of small utility to a defendant. * * * If the hearsay exception involved in a given case is such as to commend itself to reasonable men, production of the declarant is likely to be difficult, unavailing, or pointless." *Id.* at 95–96, 91 S.Ct. at 223.

The major Supreme Court decision dealing with the foundation for admitting prior testimony, as opposed to its admissibility *vel non,* is Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1967). In an opinion authored by Mr. Justice Marshall, the Court held that the testimony of an unavailable witness given at a preliminary hearing against the same defendant which was subject to cross-examination by that defendant constituted a traditional exception to the confrontation requirement, but that a witness is not "unavailable" for purposes of this exception "unless the prosecutorial authorities have made a good faith effort to obtain his presence at trial." 390 U.S. at 724–725, 88 S.Ct. at 1322. In discussing the confrontation issue the Court said, "The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness." It then went on to point out that a preliminary hearing is a less searching exploration into the merits than a trial. Mr. Justice Harlan concurred in this unanimous opinion on the basis of a denial of due process.

In *Barber,* the witness was outside the state incarcerated in a federal prison. The Court held that merely because he was beyond the reach of compulsory process did not show that a good faith effort to obtain his presence had been made, noting the possible availability of a writ of *habeas corpus ad testificandum.* However, the Court did not specifically address itself to the question of the form which the showing of the state's "good faith effort" must take. We seriously doubt that if for some reason, the prison warden chose not to honor the writ, it would be necessary for the state to present the warden as a witness to testify as to why he refused to produce the prisoner. Analogously, in the instant case, it does not appear that it should be necessary to produce the doctor to personally testify to the unavailability of the witness on the account of illness, so long as the affidavit itself is sufficient to show her unavailability. Furthermore, it seems likely that the doctor himself was beyond the reach of the State's compulsory process and could be produced only if he agreed to come. To extend Barber v. Page to this extent seems wholly unreasonable. Thus we turn to the question of whether the showing made by the affidavit violated due process.

The medical officer's affidavit relating to the State's witness's physical condition appears to be worthy of credibility on its face and there is no reason to believe that the statements contained therein are other than correct. This testimony by affidavit did not relate in any fashion to the guilt or innocence of the accused and it can hardly be characterized as testimony against the accused. It related only to the physical condition of the witness. There is not the slightest suggestion in the record that the facts are anything other than what is stated in the affidavit.

We do not understand the defendant to contend that on the facts revealed by the affidavit the witness was in fact available; the serious risk to her health which the travel necessary to appear would entail, coupled with the risk of infecting others, seems clearly to satisfy the exception of unavailability because of physical illness. It is difficult to discern what aid the personal appearance of the doctor could give to the defendant. The values protected by the Confrontation Clause do not appear to be involved. See California v. Green, 399 U.S. at 158, 90 S.Ct. 1930. The oath requirement is satisfied by the affidavit. Demeanor evidence is wholly irrelevant in this context. Cross-examination could add nothing of value unless it is

claimed that the facts stated in the affidavit are untrue or at least misleading; but we do not understand such a claim to be made here.

Certainly a death certificate should be sufficient to establish the fact of death of a prior witness and in this case the sworn affidavit of a medical officer, who has no connection with the case, on the physical condition of a witness who had previously testified should be prima facie sufficient to authorize a trial judge to permit the introduction of such evidence on the basis of unavailability. There does not appear to be any lack of due process and the State should not be put to the added expense and public inconvenience of taking medical officers away from their posts of service to establish a fact of physical disability, particularly where the state's witness is in the hospital. The fact of trustworthiness of such affidavit can be readily acknowledged in most cases and in those cases where doubt exists further inquiry could be made. There should be an area of discretion left to the trial judge in matters of this type for the protection of all the parties and for the protection of witnesses and public funds.

■ Undoubtedly the right of confrontation guaranteed by the Sixth Amendment is fundamental to a fair trial and this right has been zealously guarded throughout our history by the courts. In considering that right we should respect its boundaries. The basic purpose is to afford the defendant the right to confront his accusers and cross-examine them on the issues relating to his innocence or guilt and should not extend to collateral issues unless the collateral issues present a question of due process.

■■ The accused in the case at bar had his right of confrontation fully accorded to him in the previous trial on the merits and this case cannot be viewed as a denial of a right of confrontation against a state's witness on the issue of innocence or guilt. We think that the determination of this collateral issue where a full right of cross-examination and confrontation has been afforded is a matter for the State's own rules of evidence and that no federal constitutional infirmity exists in the State's ruling.

As stated in Spencer v. Texas, 385 U. S. 554, at 568–569, 87 S.Ct. 648 at 656, 17 L.Ed.2d 606:

"To take such a step would be quite beyond the pale of this Court's proper function in our federal system. It would be a wholly unjustifiable encroachment by this Court upon the constitutional power of States to promulgate their own rules of evidence * * * in their own state courts * * *."

The judgment of the District Court is reversed.