UNITED STATES of America ex rel.
Leroy Charles LOCKETT,
Petitioner-Appellee,

v.

ILLINOIS PAROLE AND PARDON
BOARD, Respondent-Appellant.

No. 78–1739.

United States Court of Appeals,
Seventh Circuit.

Argued May 18, 1979.

Decided June 20, 1979.

William J. Scott, Atty. Gen., Donald B. Mackay, Melbourne A. Noel, Jr., Fred H. Montgomery, Michael B. Weinstein, Asst. Attys. Gen., Chicago, Ill., for respondent-appellant.

Charles R. Purcell, Loyola University School of Law, Chicago, Ill., for petitioner-appellee.

Before CUMMINGS, SPRECHER and WOOD, Circuit Judges.

PER CURIAM.

Petitioner Lockett's writ of Habeas Corpus was granted on May 4, 1978, on the ground that because the Illinois trial court had become bound at the plea hearing by the agreement entered into between the prosecutor and Lockett, the trial court's failure to inform Lockett of the mandatory parole term required that the parole term be vacated, pursuant to our decision in *United States ex rel. Baker v. Finkbeiner,* 551 F.2d 180 (7th Cir. 1977). The grant of the writ is challenged on appeal for two reasons. First, that the trial court had not ratified the plea agreement or become bound by it, and that Lockett therefore had no legitimate expectation of lesser sentencing than the prescribed maximum. Second, the State argues that since the bargained for sentence was five to ten years, and petitioner will have served only 5 years 1 month and 18 days in prison, the actual time served will be only 5-plus years in prison plus a three year parole term, or less than the maximum for which he bargained, and that he has therefore suffered no prejudice from the court's failure to advise him of the mandatory parole term.

The threshold issue, however, is one of exhaustion of remedies. Lockett's petition

makes clear that he had tried no state remedies of any sort before he filed his petition for Habeas in the district court. We recently held that on the *Baker* issue of the trial court's failure to advise of mandatory parole terms, exhaustion of Illinois state remedies was not futile. *United States* ex rel. *Williams v. Morris,* 594 F.2d 614 (7th Cir. 1979), rehearing denied. We therefore reversed four writs which had been granted on *Baker* grounds, with directions to dismiss the petitions. The only possible reason for not disposing of this appeal in the same fashion is that the State has not raised the exhaustion issue either in the district court or in the briefs on appeal and might arguably be said to have waived it. In not raising the exhaustion issue, the State relied on the district court opinion in *United States* ex rel. *Williams v. Morris,* 447 F.Supp. 95 (N.D.Ill.1978). After we reversed that decision the State raised the issue for the first time at oral argument. We were then told that the issue had not been raised earlier because the State did not learn until our 1979 *Williams* opinion that exhaustion of state remedies was required before *Baker* would be applied. We requested supplemental briefing on the question of waiver.

The Fourth and Fifth Circuits have said that a State may waive the exhaustion requirement, on the theory that

> [s]ince the exhaustion requirement of 28 U.S.C. § 2254 "is not a jurisdictional concept but simply a flexible matter of comity," [citation omitted] we think the federal courts may in the interest of justice and expedition accept waiver of exhaustion by the state. [Citations omitted.]

*Jenkins v. Fitzberger,* 440 F.2d 1188 (4th Cir. 1971). "To hold otherwise . . . would be to elevate a rule of equitable discretion into one of jurisdiction." *Houston v. Estelle,* 569 F.2d 372 (5th Cir. 1978); cf. *West v. Louisiana,* 478 F.2d 1026, 1034–35 (5th Cir. 1973), reaffirmed *en banc,* 510 F.2d 363 (5th Cir. 1975) (waiver based on dual grounds of state's failure to raise the issue, and delay of state proceedings).

On the other hand, the First, Second, Third and Eighth Circuits have said that:

> The doctrine of exhaustion . . . based on sensitive respect for the capacity of a coordinate judicial system, is not a matter for waiver by counsel.

*Needel v. Scafati,* 412 F.2d 761 (1st Cir. 1969).

> Exhaustion . . . serves an interest *not* of state prosecutors but of state courts. It follows, therefore, that the state court interest which underlies the exhaustion requirement of § 2254(b) cannot be conceded or waived by state prosecutors—for the state court interest in having "an initial 'opportunity to pass upon and correct' 'alleged violations of its prisoners' federal rights' " [citations omitted] is simply not an interest that state prosecutors have been empowered to yield.

*United States* ex rel. *Trantino v. Hatrack,* 563 F.2d 86, 96 (3rd Cir. 1977), certiorari denied, 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978).

The Second Circuit has said that "[w]e do not consider that the statutory requirement of exhaustion of state remedies can be waived by the State." *United States* ex rel. *Sostre v. Festa,* 513 F.2d 1313, 1314 n.1 (2d Cir. 1975); cf. *United States* ex rel. *Johnson v. Vincent,* 507 F.2d 1309 (2d Cir. 1974); *United States* ex rel. *Wissenfeld v. Wilkins,* 281 F.2d 707 (2d Cir. 1960). Since the exhaustion requirement is not jurisdictional, *United States* ex rel. *Wilson v. Rowe,* 454 F.2d 585 (7th Cir. 1971), certiorari denied, 406 U.S. 909, 92 S.Ct. 1618, 31 L.Ed.2d 820 (1972), an appeals court may in appropriate circumstances decline to dismiss despite the failure to exhaust, as where there has been a full hearing below and exhaustion would be "wasteful of judicial energy." *Sostre, supra.* In *Howard v. Sigler,* 325 F.Supp. 278 (D.Neb.1971), reversed on other grounds, 454 F.2d 115 (8th Cir. 1972), the State never raised the exhaustion issue at all and participated in a full federal evidentiary hearing on the merits. The district court, raising the exhaustion issue *sua sponte,* felt that the State's participation in that prior hearing foreclosed it from subsequently raising the exhaustion defense. Where there has not been a prior hearing and where the State has not explic-

itly waived the exhaustion requirement, the Eighth Circuit rule is to require exhaustion. *Blackwell v. Wolff,* 454 F.2d 48 (8th Cir. 1972). Compare *Jenkins v. Fitzberger, supra,* and *Houston v. Estelle, supra,* where the waiver was explicit.[1]

We conclude that there is no bar to our raising the issue of exhaustion on our own, although it has not been raised by the State either in the district court or in the briefs on appeal. The exhaustion requirement is now statutorily codified. *Pitchess v. Davis,* 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975). The State has not made an explicit waiver and indeed orally raised exhaustion before us. There has been no great expenditure of judicial resources in the district court, as by a full evidentiary hearing. In light of our recent decision in *United States* ex rel. *Williams v. Morris, supra,* the district court judgment granting the writ is reversed, with instructions to dismiss for failure to exhaust state remedies.

---

1. In *Parker v. Comstock,* 404 F.2d 746 (9th Cir. 1968), cited by petitioner, the State raised exhaustion for the first time on appeal, and the Ninth Circuit remanded for consideration of the issue by the district court. The possibility of waiver is not discussed.

