People of the State of Illinois, Plaintiff-Appellee, v. Casimer Walewski, Defendant-Appellant.

Gen. No. 51,237.

First District, Second Division.

January 5, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty and Shelvin Singer, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County (Elmer C. Kissane and Richard A. Rinella, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Casimer Walewski was charged in an indictment with the crime of murder. In a bench trial defendant was found guilty of voluntary manslaughter. He was sentenced to the penitentiary for no less than 7 nor more than 15 years.

The only issue on appeal is "that defendant's minimum sentence should be reduced to time served."

At about 1:10 a. m. on November 8, 1964, defendant was found sleeping in the hall of a transient hotel, 1013

West Madison Street, Chicago, Illinois, by the victim, Buster G. Pulliam. The deceased, who was the hotel room clerk, had twice earlier in the evening ejected the defendant from the premises. While the defendant had been a guest at the hotel many times before, on this particular evening he was a trespasser. The defendant was intoxicated. As the victim was leading the defendant off the premises, he pushed the defendant in the back of the head. The defendant turned and struck him in the stomach with a knife inflicting a wound which proved fatal the following day. Defendant was arrested the next day and taken to the hotel where an eyewitness to the stabbing, a maintenance employee of the hotel, was not positive in his identification because the defendant had been beaten severly about his face. This witness positively identified defendant subsequently and also at the trial. Defendant testified that on the evening of the stabbing he was intoxicated; that he could not remember where he was; that the clerk was a "nice fellow"; that he did not stab him, and that he never carried a knife. The arresting officer testified that defendant told him that he had a knife; that it was taken from him when he was assaulted and robbed by three men.

Defendant was found guilty of voluntary manslaughter. At the time of sentencing he was 48 years old. He worked steadily and paid taxes. His previous criminal record was a 22-year-old conviction for molesting a female for which he was placed on three months' probation. Both sides recognize that defendant was an alcoholic at the time of trial. The court sentenced defendant to the penitentiary for 7 to 15 years.

Defendant urges that the minimum sentence of 7 years is excessive, and that it should be reduced to time served.

The State argues that the sentence imposed was not unwarranted or disproportionate to the sentence shown, and urges that the sentence be upheld. We agree with the State.

44

■■ Under the provisions of the new Code of Criminal Procedure (Ill Rev Stats, c 38, § 121–9 (b) (4)) reviewing courts have the power to reduce sentence. This power should be used sparingly and only in cases where it appears that some substantial prejudice to the rights of the defendant has occurred. The imposition of sentence is peculiarly within the discretion of the trial court, and unless clearly abused the reviewing court will not interfere. People v. Hobbs, 56 Ill App2d 93, 205 NE2d 503 (1965) ; People v. Valentine, 60 Ill App2d 339, 208 NE2d 595 (1965).

■ Defendant points out that this State adheres to the more enlightened principle of redemptive rather than retributive justice. We believe that to be a wise and proper policy to follow. But we also believe that the trial court must continue to have the important role in the determination of what constitutes proper justice at the time of sentencing. In language most appropriate to the instant case, in People v. Brown, 60 Ill App2d 447, 208 NE2d 629 (1965), this court said:

> "If the members of the legislature wanted to make the Parole Board the only agency capable of determining when a criminal has been rehabilitated, they would have made it compulsory for the trial court to impose a minimum sentence. The legislature has not done this. We hold, therefore, that the decision of a trial court imposing a minimum sentence on a defendant in excess of the statutory minimum will be upheld, unless there is clear abuse of discretion manifested from the entire record."

■ We do not believe the sentence here to be excessive. Defendant, without provocation, took the life of another person. The sentence was well within the maximum imposed by statute. The record does not disclose that it was the result of any bias, prejudice or abuse of dis-

cretion. Nor is there anything in the record to indicate that the trial judge might have taken into account improper material in determining the length of the sentence. Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.