**UNITED STATES of America ex rel. John Morgan BURTON, III, Petitioner-Appellee,**

v.

**James GREER, Warden, Menard Correctional Center, Respondent-Appellant.**

**No. 80–1840.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1980.

Decided March 9, 1981.

---

James E. Fitzgerald, Chicago, Ill., for respondent-appellant.

Kenneth N. Flaxman, Chicago, Ill., for petitioner-appellee.

Before BAUER, CUDAHY, Circuit Judges, and BARTELS, Senior District Judge.*

BAUER, Circuit Judge.

Respondent James Greer, Warden of Menard Correctional Center, Illinois, appeals from the district court order granting petitioner-appellee John Morgan Burton, III's petition for a writ of habeas corpus. We reverse.

Burton was arrested in 1972 and charged with murder. A pretrial suppression hearing was conducted to determine whether two statements made by Burton on April 27, 1972, were voluntary. Six police personnel who were at the police station when Burton made the statements testified for the state. Burton and Cheryl Thunehorst, Burton's fiancee, testified for petitioner. The court denied the motion to suppress.

* The Honorable John R. Bartels, Senior Judge of the United States District Court for the Eastern District of New York, is sitting by designation.

The same six police personnel testified at trial during the state's case-in-chief. They testified that they informed Burton of his *Miranda* rights before he made the statements and that they did not promise him anything in exchange for the statements or threaten or coerce him. The state moved to admit the statements into evidence, and a second suppression hearing was conducted outside the presence of the jury.[1] Burton testified that he understood his *Miranda* rights when he made the statements and that no one promised him leniency or threatened him before he made the statements. Tr. at 861, 865 & 868. He stated that Captain Workman, one of the interrogating police officers, told him it would be better for him to make a statement if he hoped to have the charge reduced. Tr. at 858. Burton further testified that Thunehorst told him that Workman told her that Burton might get a "break" if he made a statement. Tr. at 856. Thunehorst testified that Workman made no promises, but he did tell her that the charge might be reduced if Burton made a statement. Tr. at 880. The trial court ruled that the statements were voluntary and permitted the state to admit them into evidence.

Burton was convicted and sentenced to an indefinite term of twenty-two to fifty years. He informed the trial court that he wished to appeal the conviction, and the court ordered the court reporter to prepare a complete transcript for Burton. Although the court reporter was present throughout the pretrial and trial proceedings, the transcript Burton received did not include the pretrial testimony of the six police personnel.

Burton advised his counsel on appeal to seek review of the trial court ruling that the statements of April 27 were voluntary and, hence, admissible at trial. Burton informed counsel that there were inconsistencies in Workman's pretrial and trial testimony that could be proved if Burton had a transcript of the pretrial hearing. Appel-

late counsel advised Burton that he would not appeal the voluntariness claim because Burton's testimony at trial contained the same information as the statements, and, thus, there would be no benefit to questioning the propriety of the admission of the statements. The appeal filed on Burton's behalf did not include any challenge to the court's finding of voluntariness.

## I

After exhausting available state court remedies, Burton filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Illinois. He claimed that he was denied the right of effective appeal because the state provided him with an incomplete transcript to use in preparing his appeal. Burton also claimed that he was denied the effective assistance of counsel on appeal because appellate counsel failed to realize that portions of the transcript were missing and failed to bring the matter to the attention of the appellate court when Burton told him of the omission.

On March 17, 1980, the district court entered an order denying respondent Greer's motion for summary judgment on Burton's petition. Without deciding the ineffective assistance of counsel claim, the court held that Burton was denied the right of effective appeal. The order stated in pertinent part:

> The Court ... finds that petitioner *should be* released from custody, unless *within a reasonable time* the State of Illinois can provide him with a complete transcript and allow him a proper appeal.

*United States ex rel. Burton v. Greer*, No. 80–4011.B (S.D.Ill. Mar. 17, 1980) (emphasis added). On May 5, 1980, respondent moved to vacate the March 17, 1980 order. The motion was denied on May 30, 1980, when the district court ordered "that John Morgan Burton, III be discharged from custody under the sentence which he is now serving

---

1. There apparently was a different judge at the trial than at the pretrial suppression hearing, otherwise the renewal of the motion to suppress and a further extended hearing would

have been a foolish gesture. Therefore, the trial judge could not have relied on any of the missing testimony in concluding that the statement was voluntary.

instanter." *United States ex rel. Burton v. Greer,* No. 80–4011 B (S.D.Ill. May 5, 1980). Respondent filed notice of appeal on June 11, 1980.

## II

Burton claims that notice of appeal in this case was untimely and, therefore, that we lack jurisdiction to review the district court decision. We disagree.

Notice of appeal must be filed with the Clerk of the District Court within thirty days from the date of final judgment unless a timely post-trial motion tolls the running of the appeal time. Fed.R.App.P. 4(a). The courts of appeals lack jurisdiction to decide an appeal if notice of appeal is not timely filed, *United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), and the appellate court cannot extend the time limitation. Fed.R.App.P. 26(b).

If the order of March 17, 1980, were a final judgment, we would lack jurisdiction to decide respondent's appeal challenging that order because notice of appeal was filed more than thirty days after entry of the order. The March 17 order, however, was not a final judgment; the May 30 order was the final judgment of the district court. Therefore, the notice of appeal filed June 11, 1980, was timely.

"A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945) (citation omitted); *Asher v. Ruppa,* 173 F.2d 10, 11 (7th Cir. 1949). A final judgment in a habeas corpus case either denies the petition or orders the petitioner released at a specified time. The March 17 order did neither. Rather, it was an interim order informing the state that it must provide Burton with a complete transcript "within a reasonable time" or the court would order his release. *See Stewart v. Bishop,* 403 F.2d 674 (8th Cir. 1968). When the state failed to comply, the court ordered Burton's release on May 30, 1980. This order was a final judgment, and the timely notice of appeal filed June 11, 1980,

gives us jurisdiction to review the order of May 30 and all interim orders.

Petitioner claims that this case is analogous to *Browder v. Director, Illinois Dept. of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 55 L.Ed.2d 795 (1978), in which the Supreme Court held that a district court order releasing petitioner from custody unless retried within sixty days was a final order. The Court further held that the notice of appeal filed more than thirty days after the entry of the order was untimely and that the court of appeals lacked jurisdiction to review the order.

*Browder* is inapposite to the facts presented here. The district court ordered Browder's release at a specified time, sixty days from its order unless the state retried him within that time. Unlike the order reviewed by the Supreme Court in *Browder,* the March 17 order did not order petitioner's release at a specified time; rather, the state had "a reasonable time" in which to provide Burton with a complete transcript. Only the district court could determine whether the state was complying with its order within "a reasonable time." The district court intended to reserve jurisdiction and final judgment awaiting the action of the state. It did not enter a final order until May 30, 1980, after which respondent filed a timely notice of appeal.

## III

Burton claims in his petition for writ of habeas corpus that he was denied due process because he was unable to receive effective appellate review of the trial court's voluntariness ruling without a verbatim transcript of the pretrial hearing. Burton also claims that he was denied the effective assistance of counsel because his appellate counsel failed to inform the appellate court that the state had not provided Burton with a complete transcript of the pretrial hearing which Burton claims he needed to perfect his appeal.

### A

Although the Constitution does not require states to provide appellate review of

criminal convictions, *Ross v. Moffitt*, 417 U.S. 600, 606, 94 S.Ct. 2437, 2441, 41 L.Ed.2d 341 (1974), once the state establishes appellate review as part of its justice system, it is required to ensure that all criminal defendants are afforded effective appellate review. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). In order to fulfill this duty, the state must provide the indigent defendant with a report of that portion of the trial proceedings that is germane to consideration of his appeal. *Draper v. Washington*, 372 U.S. 487, 495, 83 S.Ct. 774, 778, 9 L.Ed.2d 899 (1963). The state, however, need not purchase a verbatim stenographer's transcript in every case; the state need only provide a report sufficient to demonstrate the claimed error. "A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions, might all be adequate substitutes, equally as good as a transcript." *Id.*

### B

The state provided Burton, an indigent, with a verbatim transcript. The transcript, however, did not include the pretrial testimony of six state witnesses. The state admitted during oral argument that the missing portion of the transcript had been misplaced, and they are unable to prepare an alternate report of the proceedings. If the missing portion of the record were germane to an issue on appeal, the state would be required to give Burton a new hearing on the issue so that he could seek effective appellate review. We find, however, that this portion of the record is not germane, and, therefore, Burton was not denied effective appellate review because of the omission.

Burton's claim on appeal, if counsel had raised it, would have been that the trial court erred in finding the statements voluntary. The transcript Burton received included all the testimony the trial court considered in deciding that the statements were voluntary. Thus, the appellate court would have had a complete record from which to review the trial court finding of voluntariness without the pretrial testimony.

Any inconsistencies between Workman's pretrial and trial testimony would not have affected the appellate court's review of the trial court finding of voluntariness. The fact that Workman may have been an impeachable witness would not have provided grounds for reversing the trial court decision that the statements were voluntary since the appellate court could only review that which was part of the trial record.[2] Moreover, the evidence of voluntariness, including Burton's own testimony, was overwhelming.

### IV

We hold that Burton was not denied the right of effective appeal by the absence of a report of the pretrial testimony because the missing portion of the record was not germane to an issue that could have been raised on appeal. No purpose would be served by remanding this cause to the district court for consideration of Burton's ineffective assistance of counsel claim. Since the missing portion of the transcript was not needed on appeal, Burton could not have been deprived of the effective assistance of counsel by appellate counsel's failure to inform the appellate court of the omission in the transcript.[3]

The judgment of the district court is REVERSED.

---

2. Since Burton did not attempt to impeach Workman with the pretrial testimony during trial, he would have been barred by Illinois' waiver rule from challenging Workman's credibility for the first time on appeal. *People v. Stoddard*, 51 Ill.2d 190, 281 N.E.2d 678 (1972); *People v. Davis*, 18 Ill.App.3d 793, 310 N.E.2d 682 (1974); *People v. Johnson*, 123 Ill.App.2d 69, 259 N.E.2d 621 (1970).

3. Despite the result reached here, the obligation to keep track of transcripts and furnish them to defendants is generally important in providing a right to effective appeals.