**Waldo E. GRANBERRY, Petitioner-Appellant,**

v.

**Larry MIZELL, Respondent-Appellee.**

**No. 84–1956.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 12, 1985.

Decided Dec. 26, 1985.

Rehearing and Rehearing En Banc Denied Feb. 28, 1986.

Howard B. Eisenberg, Carbondale, Ill., for petitioner-appellant.

James V. Cinotto, Asst. Atty. Gen., Springfield, Ill., for respondent-appellee.

Before CUMMINGS, Chief Judge, RIPPLE, Circuit Judge, and PELL, Senior Circuit Judge.

CUMMINGS, Chief Judge.

██ Waldo E. Granberry appeals from the district court's denial of his petition for a writ of habeas corpus. He argues that this Court should issue the writ for either of two reasons. First, he claims that the parole criteria that allegedly are being used to deny him parole violate the *ex post facto* clause because the criteria were enacted by the Illinois legislature long after he was sentenced to prison. Second, he asserts that the Illinois Parole Board has acted in such an arbitrary manner as to violate his due process rights. Aside from contesting appellant's claims on the merits, the Illinois Attorney General asserts for the first time on appeal that appellant has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b). Appellant counters

---

that in *Heirens v. Mizell*, 729 F.2d 449 (7th Cir.), *certiorari denied,* — U.S. ——, 105 S.Ct. 147, 83 L.Ed.2d 85 (1984), this Court, confronting an essentially similar situation, reached the merits after stating that "in any event, respondents have waived any argument regarding exhaustion since they failed to raise this issue in the proceedings before the district court." *Id.* at 457. The statement appellant cites, however, was clearly dictum. It was made only after this Court had specifically found that the petitioner there had in fact exhausted his state remedies when the Illinois appellate court addressed the merits of his *ex post facto* claim. *Id.* In any case, to the extent that *Heirens* can be read as suggesting that the exhaustion requirement may be waived by the failure to assert it in the district court, we disassociate ourselves from that view.

In *United States ex rel. Lockett v. Illinois Parole and Pardon Bd.*, 600 F.2d 116 (7th Cir.1979), we decided a case in which the state had failed to raise the exhaustion issue either in the district court or in the briefs on appeal. The state raised the issue for the first time at oral argument. Nonetheless, after reviewing the various approaches to the waiver question used by other circuits, we held that there was no bar to our raising the exhaustion issue on our own and remanded the case to the district court with instructions to dismiss for failure to exhaust state remedies. *Id.* at 118.

Subsequent developments have supported the holding in *Lockett* that there is no bar to raising the exhaustion issue *sua sponte*. In fact, in *Mattes v. Gagnon*, 700 F.2d 1096 (7th Cir.1983), this Court stated that *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), which held that a district court must dismiss petitions containing both exhausted and unexhausted claims, not only allowed us to consider the exhaustion issue *sua sponte*, but actually required us to consider the issue *sua sponte*. 700 F.2d at 1098 n. 1. Cases in other circuits support that position. The Tenth Circuit in *Naranjo v. Ricketts*, 696 F.2d 83 (1982), held that because the exhaustion requirement serves the interest of

the state courts, it could not be waived by the state prosecutor. Similarly, in *Bowen v. State of Tennessee*, 698 F.2d 241 (1983) (en banc), the Sixth Circuit held that in light of the Supreme Court's emphasis in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), on "the state *courts'* role in the enforcement of the federal law," 698 F.2d at 243 (emphasis in original), the exhaustion rule could not be waived or conceded in the district court and could be noticed *sua sponte* on appeal. The Sixth Circuit subsequently held that although a state had initially opted not to argue exhaustion on appeal, the court not only could consider the exhaustion issue, but was obligated to do so. *See Parker v. Rose*, 728 F.2d 392, 394 (1984). The Ninth Circuit has also held that the district court and a court of appeals may examine the exhaustion question *sua sponte*. *Batchelor v. Cupp*, 693 F.2d 859, 862 (1982) (citing *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir.1981)), *certiorari denied,* 463 U.S. 1212, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983). The First Circuit in *Dickerson v. Walsh*, 750 F.2d 150 (1984), held that the petitioner had not exhausted his state remedies even though Massachusetts had conceded exhaustion in the district court.

The rule in the Fifth and Eleventh Circuits is that the state may waive the exhaustion requirement. *See McGee v. Estelle*, 722 F.2d 1206 (1984); *Thompson v. Wainwright*, 714 F.2d 1495 (1983), *certiorari denied,* 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 562 (1984); *see also Purnell v. Missouri Department of Corrections*, 753 F.2d 703, 708–10 (8th Cir.1985) (following *McGee* and *Thompson* ). Those courts allow waiver to occur when the state fails to raise the issue at the proper time. However, they qualify their holdings by allowing an appellate or district court to reject the state's waiver and notice *sua sponte* the lack of exhaustion. *See McGee*, 722 F.2d at 1214; *Thompson*, 714 F.2d at 1509. The rule in those circuits has not gone without criticism. *See Darden v. Wainwright*, 725 F.2d 1526, 1533–44 (11th Cir. 1984) (en banc) (Tjoflat, J., dissenting). In

any event, to the extent that the approach used in those cases might be inconsistent with our holding today, we reject them.

■ We must now decide whether petitioner has exhausted his state remedies. In *United States ex rel. Johnson v. McGinnis*, 734 F.2d 1193 (7th Cir.1984), the exhaustion issue was considered in a case in which the material facts were, with one exception, virtually identical to those presented here. We held there that the petitioner had failed to exhaust his state remedies for denial of parole because he had failed to seek a writ of mandamus in the Illinois courts. *Id.* at 1200. The only material difference in this case is that petitioner here did seek a writ of mandamus in the Illinois Supreme Court. That court denied the petitioner's motion "without prejudice to proceeding in any appropriate circuit court for consideration of the question presented." We hold that the petitioner's failure to seek a writ in the lower Illinois courts constitutes a failure to exhaust state remedies.[1] Because of this failure, the cause is remanded to the district court with instructions to dismiss for failure to exhaust state remedies.

---

1. Pursuant to Circuit Rule 11, appellant's counsel has brought *Inglese v. United States Parole Commission*, 768 F.2d 932 (7th Cir.1985), to our attention. In light of our disposition of this case, it is unnecessary for us to consider what impact, if any, that *Inglese* would have on the merits of this case.