UNITED STATES of America ex rel. Homer HANRAHAN, Petitioner,

v.

Paul KLINCAR and James Thieret, Respondents.

No. 86 C 4199.

United States District Court, N.D. Illinois, E.D.

June 25, 1986.

Homer Hanrahan, pro se.

Mark Rotert, Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Homer Hanrahan ("Hanrahan") petitions for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 ("Section 2254"), naming as defendants Chairman Paul Klincar of the Illinois Prisoner Review Board ("Board") and Warden James Thieret of Menard Correctional Center ("Menard"), where Hanrahan is now incarcerated. After preliminary consideration of the petition under Rule 4 of the Rules Governing Section 2254 Proceedings ("Rule 4"), this Court concludes Hanrahan has not exhausted his state court remedies. Accordingly this Court summarily dismisses the petition.

Board has denied Hanrahan release on parole on three occasions since Hanrahan first appeared before Board in November 1983. In support of his claim for habeas relief, Hanrahan asserts Board's denials were "in violation of the Illinois Constitution, Illinois statutes, rules, customs and established case law, and in violation of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution."[1]

Exhibits to Hanrahan's petition include (1) a letter confirmation by the Clerk of the Illinois Supreme Court of Hanrahan's December 9, 1985 filing of a petition for leave to file a writ of mandamus[2] and (2) that Court's January 29, 1986 denial of leave to file the original mandamus petition. That poses as a threshold question whether Hanrahan's attempt to present his claims via Illinois Supreme Court mandamus proceedings meets the exhaustion requirement imposed under Section 2254(b) and (c).

*United States ex rel. Johnson v. McGinnis*, 734 F.2d 1193 (7th Cir.1984) teaches an Illinois prisoner must exhaust his state court mandamus remedy before mounting a Section 2254 constitutional challenge to parole release decisions. To exhaust state remedies for Section 2254 purposes, a prisoner must have given the state courts a fair opportunity to address the constitution-

al violations alleged in the petition. *Toney v. Franzen*, 687 F.2d 1016, 1021 (7th Cir. 1982). That "fair opportunity" doctrine requires the prisoner to follow normal appellate or postconviction procedural routes for presenting his claim in the state courts. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). If a state supreme court denies an application for an extraordinary writ without adjudicating the merits of the claim presented, petitioner must pursue existent lower court remedies to satisfy the exhaustion requirement. *See Pitchess v. Davis*, 421 U.S. 482, 488, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975) (per curiam).

Hanrahan sought to initiate his mandamus petition directly with the Illinois Supreme Court under the jurisdiction provided for in Ill.Rev.Stat. ch. 110A, ¶ 381. But the terms of that Supreme Court Rule and the cases interpreting it show original mandamus is an extraordinary remedy, available only under limited conditions and rarely awarded (the Illinois Supreme Court keeps a tight rein on its discretionary granting of the writ). *See Hughes v. Kiley*, 67 Ill.2d 261, 266, 10 Ill.Dec. 247, 249, 367 N.E.2d 700, 702 (1977) (dealing with writ of prohibition, but announcing identical principle for mandamus); *Touhy v. State Board of Elections*, 62 Ill.2d 303, 312, 342 N.E.2d 364, 369 (1976).

Like Hanrahan, the petitioner in *Granberry v. Mizell*, 780 F.2d 14 (7th Cir.1985) sought to bypass the lower state courts by invoking the original jurisdiction of the Illinois Supreme Court to launch a mandamus claim against state parole authorities. There the Illinois Supreme Court dismissed Granberry's motion "without prejudice to proceeding in any appropriate circuit court for consideration of the question present-

---

1. Hanrahan's state law claims, of course, are not cognizable in federal habeas corpus. *See United States ex rel. Hoover v. Franzen*, 669 F.2d 433, 436–37 (7th Cir.1982). This opinion therefore speaks only to his due process and equal protection claims.

2. Hanrahan's petition here says he asserted his federal constitutional claims in the mandamus petition.

ed" (*id.* at 16). Because the Illinois Supreme Court had not adjudicated the merits of Granberry's claim, our Court of Appeals found nonexhaustion and required Granberry to return to the lower state courts to pursue his available mandamus remedy against the Board.

Here the Illinois Supreme Court specified no reason for refusing Hanrahan leave to file his mandamus petition. But a denial of leave to file, as contrasted with a denial of the mandamus petition itself, is procedural rather than substantive. That negates any adjudication on the merits. And that in turn renders Hanrahan's situation parallel to that in *Granberry*. Because Hanrahan thus retains the right to present his mandamus claim before the appropriate Illinois Circuit Court, his claim for federal habeas corpus relief is premature.

This Court therefore finds Hanrahan has not exhausted his state court remedies as Section 2254 requires. Accordingly this action is summarily dismissed pursuant to Rule 4. Dismissal is without prejudice to Hanrahan's right to refile after he has exhausted his state court mandamus remedies through normal channels of review.[3]

---

**3.** Hanrahan is in custody at Menard, in the Southern District of Illinois. Though 28 U.S.C. § 2241(d) permits him to file a habeas petition either there or here (where he was convicted and sentenced), that section also permits interdistrict transfers "in furtherance of justice." Because Hanrahan's current petition challenges actions by Board and not the validity of his original conviction, he ought to consider the making of any refiling in the Southern District in the first instance.