**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEVEN ANTHONY PRELLWITZ,
    *Petitioner-Appellee,*

    v.

D. K. SISTO, Warden,
    *Respondent-Appellant.*

No. 09-16142

D.C. No.
2:07-cv-00046-
JAM-CHS

OPINION

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted
August 8, 2011—San Francisco, California

Filed September 22, 2011

Before: Diarmuid F. O'Scannlain, Susan P. Graber, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Graber;
Concurrence by Judge O'Scannlain

18029

## COUNSEL

Joshua M. Salzman, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., for the petitioner-appellee.

Christopher J. Rench, Deputy Attorney General, Sacramento, California, for the respondent-appellant.

## OPINION

GRABER, Circuit Judge:

Petitioner Steven Prellwitz filed a petition for habeas corpus, challenging the California Board of Parole Hearings' ("Board") denial of his parole. Defendant, Warden D. K. Sisto, appeals the district court's order instructing the Board to conduct a new parole hearing. Because the district court's order was not a final decision, we dismiss the appeal for lack of appellate jurisdiction.

A. *Factual and Procedural Background*

In 1985, Petitioner was convicted in California state court on two counts of murder and one count of assault with a deadly weapon. He was sentenced to a term of imprisonment of 18 years to life. In December 2005, the Board denied him parole. Petitioner unsuccessfully pursued habeas relief through the state courts.

On November 29, 2006, Petitioner filed in federal district court a pro se petition for a writ of habeas corpus in which he asserted seven grounds for relief.[1] In his prayer for relief, Petitioner asked that the court order his release on parole.

The district court referred the case to a magistrate judge. Applying then-current law, see *Irons v. Carey*, 505 F.3d 846, 850-51 (9th Cir. 2007), the magistrate judge concluded that the Board had violated Petitioner's due process rights by denying him parole in the absence of "some evidence" of current dangerousness. In reaching that decision, she reasoned that the Board impermissibly relied on the commitment offense without explaining "how the offense continues to be predictive of [Petitioner's] current dangerousness in light of other facts in the record."

On May 21, 2009, the district court issued the order that is the subject of this appeal. After noting the case's procedural history and the standard of review, the district court stated:

> Accordingly, IT IS HEREBY ORDERED that:
>
> 1. The findings and recommendations filed on March 11, 2009, are adopted in full;

---

[1]Specifically, Petitioner alleged that the Board had violated his rights to due process and equal protection by: (1) presenting no evidence to substantiate its findings that Petitioner would pose a risk to public safety; (2) ignoring evidence that contradicted its finding that Petitioner's motive for the crime was "inexplicable or very trivial in relation to the offense"; (3) depriving Petitioner of his protected liberty interest in a parole date, in violation of California Penal Code section 3041; (4) failing to set a parole date even though both the minimum and maximum release dates have passed (which he also challenged as cruel and unusual punishment in violation of the Eighth Amendment); (5) denying him parole in the absence of "some evidence" of current dangerousness, in violation of California law; and (6) relying solely on the unchanging factor of the commitment offense. As a seventh ground for relief, Petitioner alleged that the governor had adopted an illegal, blanket policy of denying parole to life prisoners.

2. The Board of Parole Hearings is ordered to conduct a hearing in compliance with the recommendations within 90 days of the date of this order; and

3. Respondent is directed to file a document confirming that Mr. Prellwitz has received his hearing within 120 days of the date of this order.

The district court did not issue a separate document setting forth a judgment. The state filed a notice of appeal from the district court's order.

B. *Appellate Jurisdiction*

**[1]** Under 28 U.S.C. § 1291, we have jurisdiction over appeals from "final decisions of the district courts of the United States." *See also* 28 U.S.C. § 2253 (allowing appeals in some habeas cases from a "final order"). A final, appealable decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). To be final, a habeas decision must "either den[y] the petition or order[ ] the prisoner released at a specified time." *United States ex rel. Burton v. Greer*, 643 F.2d 466, 469 (7th Cir. 1981); *see also Alexander v. U.S. Parole Comm'n*, 514 F.3d 1083, 1087 (10th Cir. 2008) (holding that a conditional order is a final decision only if it orders the prisoner released by a specified time upon failure of the stated conditions); *Allen v. Hadden*, 738 F.2d 1102, 1106 (10th Cir. 1984) (same); *Heirens v. Mizell*, 729 F.2d 449, 454-55 (7th Cir. 1984) (same), *modified on other grounds by Granberry v. Mizell*, 780 F.2d 14 (7th Cir. 1985). Thus, conditional orders may qualify as final decisions, but only if they order the petitioner's release. *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 260 (1978) (holding that an order "directing that petitioner be released from custody unless the State retried him within 60 days" was a final decision); *Blazak v. Ricketts*, 971 F.2d 1408, 1410-11 (9th Cir. 1992) (per curiam) (holding that an order vacating a convic-

tion was final, even though it left the state free to retry the petitioner, because "nothing further remained for the district court's consideration"). Had the district court followed the usual formula—"do X by Y date or release the prisoner"—we would have had jurisdiction because the order would have been "final" within the meaning of 28 U.S.C. §§ 1291 and 2253.

**[2]** In this case, though, the district court's order was not a final decision because it did not order Petitioner's release if the Board failed to hold a new parole hearing. On facts indistinguishable from those here, the Seventh Circuit held that an order requiring a new parole hearing was not a final decision —even though the order stated that the petition had been *granted*—because "if no parole hearing had subsequently been provided, [the petitioner] would *not* have been automatically released from custody." *Heirens*, 729 F.2d at 454-55. As in *Heirens*, if the Board had failed to hold the new parole hearing, Petitioner would have been required to return to the district court to seek a further order directing his release. Such an order would go beyond mere execution of the district court's previous order for a new hearing. Moreover, the order's instruction requiring the state to "file a document confirming that [Petitioner] has received his hearing" suggests that the district court contemplated further substantive proceedings before it. *See Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. 1981) (holding that an order requiring a parole board to conduct a new hearing and to file a written statement with the court was not a final, appealable decision because the reporting requirement suggested that the district court anticipated further proceedings).

**[3]** Further, the district court, by adopting the magistrate judge's recommendations and by granting the new hearing, addressed only Petitioner's due process claim that the Board denied his parole in the absence of "some evidence" of current dangerousness. As noted, however, Petitioner asserted several additional grounds for relief, including equal protec-

tion violations, a violation of the Eighth Amendment, and other due process violations. Thus, the district court's order was not final because it did not dispose of the action as to *all* claims between the parties. *See* Fed. R. Civ. P. 54(b) (providing that, unless a district court expressly determines that there is no just reason for delay, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties"); *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981) (holding that a summary judgment order that does not dispose of all claims between the parties does not confer appellate jurisdiction because it is not a final decision under 28 U.S.C. § 1291).[2]

**[4]** For all these reasons, we conclude that we lack appellate jurisdiction to review the district court's order, and we therefore dismiss the appeal.

**DISMISSED.**

---

O'SCANNLAIN, Circuit Judge, concurring in the judgment:

I agree with the court that we lack jurisdiction to consider this appeal. I write separately because I cannot join in the majority's newly-fashioned rule, which would bar the State of California from appealing district court decisions that were clearly erroneous under *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam). In my view, the jurisdictional question here is better resolved on mootness grounds.

---

[2]The government relies exclusively on 28 U.S.C. § 1291. The government did not seek an interlocutory appeal under 28 U.S.C. § 1292(b). Therefore, we need not and do not decide whether an interlocutory appeal would have been available in the circumstances.

I

As an initial matter, the district court clearly erred by ordering the State of California to grant Prellwitz another parole hearing. As the Supreme Court recently reminded us, federal courts may not review state parole decisions for their substance. *See Swarthout*, 131 S. Ct. at 862-63.

In any event, in my view the district court lacked the authority to order California to conduct a parole hearing because the writ of habeas corpus is limited to either granting or denying a release from custody. *Crow v. United States*, 186 F.2d 704, 706 (9th Cir. 1951). "Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner." *Fay v. Noia*, 372 U.S. 391, 430-31 (1963), *overruled on other grounds*, *Wainwright v. Sykes*, 433 U.S. 72 (1977); *see also Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991) (same).

Thus, if the district court determined that habeas relief were necessary because of a defective parole hearing (which it should not have), the proper remedy was to grant a conditional writ. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) ("[The Supreme] Court has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court."). Then, California could have "take[n] some remedial action" of its own choosing. *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008).

II

Regardless of what it should have done, the district court ordered a new parole hearing and that hearing has occurred. Prellwitz has received the relief he sought, and California has

held the hearing it did not wish to hold. Thus, this appeal is moot, and we lack jurisdiction. *See Foster v. Carson*, 347 F.3d 742, 746 (9th Cir. 2003) ("Where the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed." (internal quotation marks omitted)).

By ruling on finality grounds, the majority puts states in the untenable position of being unable to appeal erroneous district court orders. I agree that "[t]o be final, a habeas decision must either den[y] the petition or order[ ] the prisoner released at a specified time." Op. at 18033 (alterations in original) (internal quotation marks omitted). But before the Supreme Court's decision in *Swarthout*, any number of habeas petitions were likely granted in our circuit — without a specific release date — only so that another parole hearing could be held. After *Swarthout*, it is crystal clear that those decisions were erroneous.

But under the court's decision today, the government could rarely — if ever — appeal such an order. If the state obeys the order and holds the hearing, the appeal (like this one) is moot. If the state does not wish to obey the order, it would have no guarantee of immediate review under the rule announced today. Nor could the state ignore the order in the hope of later challenging it in an enforcement proceeding. *See Walker v. City of Birmingham*, 388 U.S. 307 (1967); *In re Establishment Inspection of Hern Iron Works, Inc.*, 881 F.2d 722, 725 (9th Cir. 1989) ("In brief, the collateral bar rule permits a judicial order to be enforced through criminal contempt even though the underlying decision may be incorrect and even unconstitutional.").

Moreover, even application of the seemingly bright-line rule proposed by the majority would be difficult in practice. As in this case, it is often difficult to tell whether a district court is actually granting a writ of habeas corpus. *See Alexander v. U.S. Parole Comm'n*, 514 F.3d 1083, 1087 (10th Cir.

2008) ("Unfortunately, not all orders state clearly whether release has been granted or denied."). Thus, closer inspection would be needed on a case-by-case basis to determine whether an ambiguous order is "the functional equivalent of a conditional release order." *Id.* at 1089. I think it inappropriate for us to be undertaking such an inquiry.

## III

Given these difficulties with the majority's new rule, I cannot join in its opinion. I do, however, agree that we do not have jurisdiction over this appeal. Accordingly, I would dismiss for mootness and vacate the judgment of the district court. *See Burke v. Barnes*, 479 U.S. 361, 365 (1987).