**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW RYLEY CORZINE, Plaintiff-Appellant, v. ADAM PAUL LAXALT; et al., Defendants-Appellees. | No. 17-16605 D.C. No. 3:17-cv-00052-MMD-WGC MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Matthew Ryley Corzine appeals pro se from the district court's order

denying his motion for a preliminary injunction to enjoin the enforcement of

residency requirements for sex offenders under Nevada law.  We have jurisdiction

under 28 U.S.C. § 1292(a)(1).  We review for an abuse of discretion.  *Jackson v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion in denying Corzine's request for preliminary injunctive relief seeking to enjoin the enforcement of statutory residency requirements because Corzine failed to establish that he is likely to succeed on the merits of his claim alleging that the imposition of lifetime supervision conditions violates the Ex Post Facto Clause. *See* U.S. CONST. ART. I, § 9, cl. 3; *Jackson*, 746 F.3d at 958 (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest).

We lack jurisdiction to review the dismissal of Corzine's claims because the district court's order did not dispose of the action as to all claims between the parties. *See* Fed. R. Civ. P. 54(b); *Prellwitz v. Sisto*, 657 F.3d 1035, 1038 (9th Cir. 2011) (appellate jurisdiction is limited to final orders disposing of all claims between parties).

Appellees' motion to supplement the record (Docket Entry No. 8) is denied as unnecessary.

**AFFIRMED.**

17-16605